SIR.PR

**FILED - GR**

January 25, 2019 1:14 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _mkc_ SCANNED BY /ML y 31

## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CLARENCE OTWORTH,

        Plaintiff,

    v.

FIFTH THIRD BANK,
An Ohio corporation,

PAUL ALLEN BIXLER,
An individual,

F.E. TRONCONE,
An individual,

P. BRIAN MOORE,
An individual,

PHILLIP C. BODLE,
An individual,

BARBARA A. IBOLD,
An individual,

JONATHAN MEADE,
An individual,

VILLAGE OF LAKEWOOD CLUB,
Unincorporated organization,

DALTON TOWNSHIP,
Unincorporated organization    ,

WILLIAMS AND HUGHES,
Law firm in Muskegon, Michigan,

SHON ANNE COOK,
Attorney in Whitehall, Michigan,

MUSKEGON COUNTY,
Local Government,

BOARD OF SUPERVISORS,
Civil Administrative Unit,

Case No._____ **1:19-cv-55**

        **Robert J. Jonker**
        **Chief U.S. District Judge**

Civil Action

Hon._____
United States District Court Judge

**JURY TRIAL DEMANDED**

BOARD OF COMMISSIONERS,
Civil Administrative Unit,

WILLIAM DUNCAN SCHUETTE,
Former Michigan Attorney General,

D.J. HILSON,
Muskegon County Prosecutor,

TAMMY STEPHENSON
Dalton Township Treasurer

LISA SWANSON
Lakewood Club Treasurer

LORI K. HAYES
Dalton Township Clerk

      Defendants.

---

## COMPLAINT

1.     Plaintiff Clarence Otworth complains against Defendants Fifth Third Bank; Paul Allen Bixler; F.E. Troncone; P. Brian Moore; Phillip C. Bodle; Barbara A. Ibold; Jonathan Meade; The Village of Lakewood Club; Dalton Township; Williams and Hughes Law Firm; Shon Anne Cook; Muskegon County; Muskegon County Board of Supervisors; Muskegon County Board of Commissioners; William Duncan Schuette; D.J. Hilson; Tammy Stephenson; Lisa Swanson, and Lori K. Hayes, as follows:

### JURISDICTIONAL ALLEGATIONS

2.     Jurisdiction in this case is based on the Court's federal question jurisdiction, 28 U.S.C. Section 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3.     Jurisdiction in this case is also based on diversity of citizenship and the amount in controversy. Plaintiff Clarence Otworth is a citizen of the State of Michigan. Defendant Fifth Third Bank is a corporation incorporated under the laws of the State of Ohio having its principal place of business in the State of Ohio. Defendant Paul Allen Bixler is a citizen of the State of Ohio. Defendant F.E. Troncone is a citizen of the State of Ohio. Defendant P. Brian Moore is a citizen of the State of Ohio. Defendant Phillip C. Bodle is a

citizen of the State of Ohio.  Defendant Barbara A. Ibold is a citizen of the State of Ohio.  Defendant Jonathan Meade is a citizen of the State of Ohio.  Defendant Lakewood Club is an unincorporated Village in the State of Michigan.  Defendant Dalton Township is an unincorporated Township in the State of Michigan.  Defendant Williams & Hughes is an incorporated Law Firm in the State of Michigan.  Defendant Shon Anne Cook is a citizen of the State of Michigan.  Defendant Muskegon County is a county government in the State of Michigan.  Defendant Muskegon County Board of Supervisors is a unit of local government in the State of Michigan.  Defendant Muskegon County Board of Commissioners is a unit of local government in the State of Michigan.  Defendant William Duncan Schuette is a citizen of the State of Michigan.  Defendant D.J. Hilson is a citizen of the State of Michigan.  Defendant Tammy Stephenson is a citizen of the State of Michigan.  Defendant Lisa Swanson is a citizen of the State of Michigan.  Defendant Lori K. Hayes is a citizen of the State of Michigan.

## PARTIES

4.      Plaintiff Clarence Otworth (hereafter "Otworth") lives in the Village of Lakewood Club, Dalton Township, Muskegon County, Michigan, on the 7 lots that his father purchased from his nephew Jim Otworth for $200 on September 05, 1950, and gave to him for his 12th birthday.  His address is 187 East Daniels Road, Twin Lake, Michigan 49457.  Telephone: (231) 292-1205.

5.      Defendant Fifth Third Bank (hereafter "Bank") is an incorporated Bank in Ohio, an agent of Dalton Township and the Village of Lakewood Club in Michigan, and it is Otworth's mortgage lender.  The address of their corporate headquarters is Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263.  Telephone:  (800) 972-3030.

6.      Defendant Paul Allen Bixler (hereafter "Bixler") is a Vice President of Fifth Third Bank, and an agent of Dalton Township and the Village of Lakewood Club in Michigan.  His only known address is his place of employment:  Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263.  Telephone:  (800) 972-3030.

7.      Defendant F.E. Troncone (hereafter "Troncone") is a Vice President of Fifth Third Bank, and an agent of Dalton Township and the Village of Lakewood Club in Michigan.  His only known address is his place of employment:  Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263.

8.      Defendant P. Brian Moore (hereafter "Moore") is a Vice President of Fifth Third Bank, and an agent of Dalton Township and the Village of Lakewood Club in Michigan.  His only known address is his place of employment:  Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263. Telephone:  (800) 972-3030.

9.      Defendant Phillip C. Bodle (hereafter "Bodle") is a Vice President of Fifth Third Bank, and an agent of Dalton Township and the Village of Lakewood Club in Michigan.  His only known address is his place of employment:  Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263. Telephone:  (800) 972-3030.

10.     Defendant Barbara A. Ibold (hereafter "Ibold") is a Vice President of Fifth Third Bank, and an agent of Dalton Township and the Village of Lakewood Club in Michigan.  Her only known address is her place of employment:  Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263. Telephone:  (800) 972-3030.

11.     Defendant Jonathan Meade (hereafter "Meade") is a Vice President of Fifth Third Bank, and an agent of Dalton Township and the Village of Lakewood Club in Michigan.  His only known address is his place of employment:  Fifth Third Bank, Fifth Third Center 38 Fountain Square, Cincinnati, Ohio 45263. Telephone:  (800) 972-3030.

12.     Defendant Village of Lakewood Club (hereafter "Lakewood") is an unincorporated ongoing criminal organization that has been successfully pretending to be incorporated since June 28, 1967, so it could enact zoning ordinances, extort a village property tax, collect a share of Michigan's tax revenue, and provide themselves with a lucrative income.  The address is:  Village of Lakewood Club, 6681 Automobile Road, Twin Lake, MI 49457.  Telephone:  (231) 894-9008.

13.     Defendant Dalton Township (hereafter "Dalton") is an unincorporated ongoing criminal organization that has been successfully pretending to be incorporated since 1867, so it could enact zoning

ordinances, levy a township property tax, collect a share of Michigan's tax revenue, and provide themselves with a lucrative income. The address is Dalton Township Hall, 1616 East Riley Thompson Road, Muskegon, Michigan 49445. Telephone: (231) 766-3043.

14.     Defendant Williams and Hughes (hereafter "Firm") was originally the law firm of Williams, Hughes & Cook, and successfully represented the unincorporated ongoing criminal organization of the Village of Lakewood Club for years by declaring under penalty of perjury that it was incorporated. The address is: 120 West Apple Avenue, Muskegon, Michigan 49440. Telephone: (231) 728-1111.

15.     Defendant Shon Anne Cook (hereafter "Cook") a former partner in the law firm of Williams, Hughes & Cook, who repeatedly committed perjury to the detriment of Otworth and hundreds of others by declaring Lakewood to be an incorporated village. Her address is:  Shon Cook Law, 120 East Slocum Street, Whitehall, Michigan 49461. Telephone: (231) 894-0909.

16.     Defendant Muskegon County (hereafter "County") is a County in Western Michigan. The address is Muskegon County, 990 Terrace Street, Muskegon, Michigan 49442. Telephone: (231) 734-6221.

17.     Defendant Muskegon County Board of Supervisors (hereafter "Supervisors") is a civil administrative unit of local government in Muskegon, Michigan. The address is: Muskegon County Board of Supervisors, 990 Terrace Street, Muskegon, Michigan 49442. Telephone: (231) 734-6221.

18.     Defendant Muskegon County Board of Commissioners (hereafter "Commissioners") is a civil administrative unit of local government in Muskegon, Michigan. The address is: Muskegon County Board of Commissioners, 990 Terrace Street, Muskegon, Michigan 49442. Telephone: (231) 734-6221.

19.     Defendant William Duncan "Bill" Schuette (hereafter "Schuette") was once the Attorney General of Michigan. His last known address is:  Michigan Department Attorney General, G. Mennen Williams building 7th Floor, 525 West Ottawa Street, P.O. Box 30212, Lansing, Michigan 48933. Telephone: (577) 373-1110.

20.     Defendant D.J. Hilson (hereafter "Hilson") is the Muskegon County Prosecutor. His address is: The Muskegon County Prosecutors Office, 990 Terrace Street, 5th floor, Muskegon, Michigan 49442. Telephone: (231) 724-6435.

21.     Defendant Tammy Stephenson (hereafter "Stephenson") is the Treasurer of Dalton Township. Her address is Dalton Township Hall, 1616 East Riley Thompson Road, Muskegon, Michigan 49445. Telephone: (231) 766-3043.

22.     Defendant Lisa Swanson (hereafter "Swanson") is the Treasurer of the Village of Lakewood Club. Her address is: 6681 Automobile Road, Twin Lake, MI 49457. Telephone: (231) 894-9008.

23.     Defendant Lori K. Hayes (hereafter "Hayes") is the Dalton Township FOIA Coordinator and Deputy Clerk. Her Address is: Dalton Township Hall, 1616 East Riley Thompson Road, Muskegon, Michigan 49445. Telephone: (231) 766-3043.

**FACTS**

24.     Defendant Dalton is an unincorporated ongoing criminal organization that has committed over 35 crimes - 27 federal crimes and 8 state crimes – within a 10-year period – by pretending to be incorporated.

25.     Defendant Lakewood is an unincorporated ongoing criminal organization that has committed over 35 crimes - 27 federal crimes and 8 state crimes – within a 10-year period – by pretending to be incorporated.

26.     Dalton and Lakewood are unincorporated ongoing criminal organizations pretending to be incorporated Michigan Municipalities so they can enact zoning ordinances, extort village and township property taxes, and receive a share of Michigan's tax revenue.

27.     The successful premediated fraudulent incorporation frauds of Dalton and Lakewood are violations of Michigan Constitution, the Home Rule Village Act, Public Act 278 of 1909, and the Racketeer Influenced and Organization Act (commonly referred to as RICO ACT or RICO) which is a United States federal law that provides for extended criminal penalties and a civil cause of action for acts performed as part of an ongoing criminal organization.

28.     Defendants Dalton and Lakewood have committed such unlawful acts against Otworth, and the other citizens of Dalton, as pretending to be incorporated which is fraud, mail fraud, conspiracy, extortion, perjury, embezzlement of village funds, and racketeering.

29.     Defendant Bank can be charged with racketeering because it is an agent of the ongoing criminal organizations of Dalton and Lakewood. It collected unlawful debts from Otworth for alleged delinquent

property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees. The collection of unlawful debts from Otworth is itself a violation of the Racketeer Influenced and Corrupt Organization Act even without a "Pattern of Racketeering Activity."

30.     Defendant Bixler can be charged with racketeering because he is an agent of the ongoing criminal organizations of Dalton and Lakewood. He collected unlawful debts from Otworth for alleged delinquent property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees. The collection of unlawful debts from Otworth is itself a violation of the Racketeer Influenced and Corrupt Organization Act even without a "Pattern of Racketeering Activity."

31.     Defendant Troncone can be charged with racketeering because he is an agent of the ongoing criminal organizations of Dalton and Lakewood. He collected unlawful debts from Otworth for alleged delinquent property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees. The collection of unlawful debts from Otworth is itself a violation of the Racketeer Influenced and Corrupt Organization Act even without a "Pattern of Racketeering Activity."

32.     Defendant Moore can be charged with racketeering because he is an agent of the ongoing criminal organizations of Dalton and Lakewood. He collected unlawful debts from Otworth for alleged delinquent property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees.

33.     Defendant Bodle can be charged with racketeering because he is an agent of the ongoing criminal organizations of Dalton and Lakewood. He collected unlawful debts from Otworth for alleged delinquent property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees. The collection of unlawful debts from Otworth is itself a violation of the Racketeer Influenced and Corrupt Organization Act even without a "Pattern of Racketeering Activity."

34.     Defendant Ibold can be charged with racketeering because she is an agent of the ongoing criminal organizations of Dalton and Lakewood.  She collected unlawful debts from Otworth for alleged delinquent property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees.  The collection of unlawful debts from Otworth is itself a violation of the Racketeer Influenced and Corrupt Organization Act even without a "Pattern of Racketeering Activity."

35.     Defendant Meade can be charged with racketeering because he is an agent of the ongoing criminal organizations of Dalton and Lakewood.  He collected unlawful debts from Otworth for alleged delinquent property taxes that Dalton and Lakewood said Otworth owed by taking his money from his mortgage payments, and then charging him late fees.  The collection of unlawful debts from Otworth is itself a violation of the Racketeer Influenced and Corrupt Organization Act even without a "Pattern of Racketeering Activity."

36.     Defendant Lakewood can be charged with racketeering because it is an ongoing criminal organization that has committed over 35 crimes - 27 federal crimes and 8 state crimes within a 10-year period, by pretending to be an incorporated Michigan Municipality.

37.     Defendant Dalton can be charged with racketeering because it is an ongoing criminal organization that has committed over 35 crimes - 27 federal crimes and 8 state crimes within a 10-year period, by pretending to be an incorporated Michigan Municipality.

38.     Defendant Firm can be charged with racketeering because it is an agent of the ongoing criminal organization of Lakewood.  It has helped it to stay in business so it could continue swindling Otworth and the other residents of Dalton by declaring it to be an incorporated village; which is perjury.

39.     Defendant Cook can be charged with racketeering because she is an agent of the ongoing criminal organization of Lakewood.  She has helped it to stay in business so it could continue swindling Otworth and the other residents of Dalton by declaring it to be an incorporated village; which is perjury.

40.     Defendant Cook wrote a legal brief that persuaded Muskegon County Judge Harold F. Closz to believe Lakewood was incorporated.  He then proudly bragged in open court that he threw the legal brief

that Otworth wrote in the trash without reading it, and granted Lisa Swanson, the treasurer of Lakewood, a judgement lien of $3,310.

41.     Defendant Cook asked for and received village funds from Lisa Swanson, the treasurer of Lakewood, so she could attend a seminar; which is a crime.

42.     Defendant Lakewood allows its treasurer Lisa Swanson to give village funds to employees and friends; which is a crime.

43.     Defendant Swanson gave Debra K. France, the village clerk, village funds so she could enrolled in the Muskegon Community College; which is a crime.

44.     Defendant Lakewood sells village lots, but only to friends and employees.

45.     Defendant Swanson commits the federal crime of mail fraud once a year. She unlawfully pretends that Lakewood is incorporated, a Michigan Municipality, and sends a bill for village property taxes to Otworth and the other citizens of Dalton which she has no authority to levy or collect.

46.     Defendant Muskegon County, the creator of the Muskegon County Board of Supervisors, failed to hold an election on the question of incorporation in violation of Michigan's Constitution and the Home Rule Village Act, Public Act 278 of 1909. Instead, it unlawfully allowed Lakewood to pretend to be incorporated and hold an election for officers for offices that did not exist, and could not exist because it was not incorporated.

47.     Defendant Muskegon County Board of Supervisors violated Michigan's Constitution and the Home Rule Village Act, Public Act 278 of 1909, and unlawfully compulsorily incorporated 2.06 square miles of land in the northwest section of Dalton and declared it to be an incorporated village to be known as Lakewood.

48.     Defendant Muskegon County Board of Commissioners is the Muskegon County Board of Supervisors, it just changed its name. It compulsorily incorporated Lakewood and perpetrated a premeditated fraud that affected Otworth and other Dalton citizens, and changing its name does not exonerate it from guilt. It knows compulsory incorporations are unconstitutional in Michigan, but it allows Lakewood to swindle Otworth and the other residents of Dalton by pretending it is incorporated.

49.     Defendant Schuette is a former Michigan Attorney General.  He refused to put Lakewood out of business because he would have to also arrest and prosecute his friends for perjury, the attorneys that represented Lakewood.  His excuse for nonfeasance was that Lakewood was a General Law Village.  The General Law Village Act, Public Act 3 of 1895, as amended, authorized incorporated villages to adopt the amended Act as its Village Charter.  All incorporated villages in Michigan are required to have a village charter.  Lakewood pretended that it was incorporated and adopted the amended Act as its Village Charter.  Schuette pretended Lakewood was incorporated, because it adopted the amended Act as its village charter, and proclaimed that it was a General Law Village; which was both fraud and perjury.

50.     Defendant Hilson is the Muskegon County prosecutor.  His excuse for nonfeasance is the same as Schuette.  He refused to put Dalton and Lakewood out of business because he would have to prosecute his friends for perjury, the attorneys that represented Dalton and Lakewood.  He never claimed Lakewood was a General Law village as Schuette did, but he pretends it is.

51.     Defendant Stephenson commits the federal crime of mail fraud twice a year. She unlawfully pretends that Dalton Township is incorporated, a Michigan Municipality, and sends a bill for township property taxes to Otworth and the other citizens of Dalton which she has no authority to levy or collect.

52.     Defendant Stephenson falsely billed Otworth $308.22 in December 2018 for Dalton's summer and winter property taxes

53.     Defendant Swanson has repeatedly embezzled village funds and given them to friends and fellow employees for personal expenditures such as school tuition and prizes for contests; which is a crime.

54.     Defendant Hayes, the Dalton FOIA Coordinator, falsely billed Otworth $69.45 on the 14th day of December, 2018.

55.     Plaintiff Otworth has spent the last 14 years, and approximately $100,000, trying to obtain an opportunity for justice, but as a pro se litigant he was deprived of a fair trial in both State and Federal Courts, and despite of what opposing attorneys always claim the issue of the unconstitutional compulsory incorporation of the Village of Lakewood Club has never been litigated.

WHEREFORE, Plaintiff Clarence Otworth demands judgment against Defendant Village of Lakewood Club for $50,000, with interests and costs. Judgment against Defendant Dalton Township for $50,000, with interests and costs. Judgment against Defendant Fifth Third Bank for $50,000, with interests and costs. Judgment against Defendant Williams and Hughes Law Firm for $30,000, with interest and costs. Judgment against Defendant Shon Anne Cook for $30,000, with interest and costs. Judgment against Defendant Paul Allan Bixler for $20,000, with interests and costs. Judgment against Defendant F.E. Troncone for $20,000, with interests and costs. Judgment against Defendant P. Brian Moore for $20,000, with interests and costs. Judgment against Defendant Phillip C. Bodle for $20,000, with interests and costs. Judgment against Defendant Barbara A. Ibold for $20,000, with interests and costs. Judgment against Defendant Jonathan Meade for $20,000, with interests and costs. Judgment against Muskegon County for $20,000, with interests and costs. Judgment against Muskegon County Board of Supervisors for $20,000, with interests and costs. Judgment against Muskegon County Board of Commissioners for $20,000, with interests and costs. Judgment against William Duncan Schuette for $20,000, with interests and costs. Judgment against D.J. Hilson for $20,000, with interests and costs. Judgment against Tammy Stephenson for $20,000 with interests and costs. Judgment against Lisa Swanson for $20,000 with interests and costs. Judgment against Lori K. Hayes for $20,000 with interests and costs.

Dated:  January 23, 2019

Clarence Otworth
187 East Daniels Road
Twin Lake, MI 49457
(231) 292-1205

**JURY TRIAL DEMANDED**

**VERIFICATION**

I, Clarence Otworth, declare under penalty of perjury that I have read the foregoing complaint and that the matters stated therein are true to the best of my knowledge, information, and belief.



OFFICE OF THE CLE

UNITED STATES DISTRIC

110 MICHIGAN STREET,

GRAND RAPIDS, MICHIGAN

  

UNITED STATES
POSTAL SERVICE ®

1000

49503

U.S. POSTAGE PAID
FCM LG ENV
TWIN LAKE, MI
49457
JAN 23 19
AMOUNT
**$2.47**
R2305K139296-21

ERK

T COURT

N. W.

49503