UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,                )
                Plaintiff,        )
                                  )   No. 1:19-cv-55
-v-                              )
                                  )   Honorable Paul L. Maloney
FIFTH THIRD BANK, *et al.*,      )
                Defendants.       )
                                  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Clarence Otworth lives in the Village of Lakewood Club, which is located in Dalton Township of Muskegon County, Michigan. In this lawsuit, Otworth alleges Dalton Township and the Village of Lakewood Club are unincorporated entities pretending to be incorporated. Otworth asserts the two municipalities function as criminal organizations by enacting ordinances and extorting taxes even though neither was properly created under Michigan law. In addition to suing the two municipalities, Otworth also sues another seventeen individuals and corporate entities who participated in the alleged criminal scheme.

Between them, Defendants filed six dispositive motions. Otworth filed a motion for summary judgment. The magistrate judge issued a report and recommendation. (ECF No. 145.) The magistrate judge recommends that Defendants' motions be granted and the federal claims brought against them be dismissed. The magistrate judge recommends the Court decline to exercise supplemental jurisdiction over the state law claims and that the state law claims be dismissed without prejudice. Finally, the magistrate judge recommends

Otworth's motion for summary judgment be denied. Otworth filed objections. (ECF No. 146.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Otworth objects on the ground that it is undisputed that Lakewood Club and Dalton Township were never properly incorporated.

First, Otworth has failed to specifically object to any finding of fact or conclusion of law in the R&R. What Otworth describes and then objects to is not a finding of fact in the R&R. The magistrate judge concluded that Otworth cannot challenge the existence of the two municipalities through a lawsuit. Additionally, the magistrate judge identified *other* reasons to dismiss each of the defendants. For example, as municipalities, Lakewood Club and Dalton Township lack the ability to form criminal intent, a necessary element for a RICO claim. (R&R at 17-18 PageID.1247-48.) The Court is not aware of any circuit court that has ruled on this specific question, but the Third Circuit has concluded that Congress did not intend for the RICO statute to be applied to municipalities. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 914 (3d Cir. 1991); *see also Gil Ramirez Group, LLC v. Houston Indep. Sch. Dist.*, 876 F.3d 400, 412 (5th Cir. 2015) (concluding same and citing *Gentry*). And, because the municipalities cannot be held liable under the RICO statute, the claims against many of the other defendants must be dismissed. Because Otworth neglected to address the other reasons identified by the magistrate judge that each claim fails, even if he is correct that Lakewood Club and Dalton Township were not properly incorporated, the Court must dismiss his claims.

Second, Otworth's objection is overruled. For the purpose of the motions before this Court, Otworth's factual allegations are assumed to be true. Accordingly, the Court accepts as true that Lakewood Club was not properly incorporated in 1967. (Compl. ¶ 12 PageID.4.) The Court also accepts as true that Dalton Township was not properly incorporated in 1867. (*Id.* ¶ 13 PageID.4-5.)

Accepting those two facts as true, Otworth still fails to state a claim for which he would be entitled to any relief. Otworth has not objected to the conclusion in the R&R that he is legally precluded (*res judicata* and issue preclusion) from relitigating a RICO claim involving these two municipal entities. And, Michigan law holds that the doctrine of acquiescence prevents individuals from bringing challenges to the creation of municipalities and similar entities years after they began operating. *See Stuart v. Sch. Dist. No. 1 of Vill. of Kalamazoo*, 30 Mich. 69, 71-73 (1874). Otworth contends that he personally did not acquiesce. The reasoning in *Stuart* answers Otworth's concern. Where the community and the State of Michigan have acquiesced, individuals cannot bring a suit challenging procedural irregularities in the creation of the municipal entities or its taxing authority. *Id.* at 72. Writing for the Michigan Supreme Court in 1874, Justice Cooley provided a coherent explanation why the doctrine of acquiescence must be applied to the sort of suit Otworth brings.

> If every municipality must be subject to be called into court at any time to defend its original organization and its franchise at the will of any dissatisfied citizen who may feel disposed to question them, and subject to dissolution, perhaps, or to be crippled in authority and powers if defects appear, however complete or formal may have been the recognition of its rights and privileges, on the part alike of the state and of its citizens, it may very justly be said that few of our municipalities can be entirely certain of the ground they stand upon, and that any single person, however honestly inclined, if disposed to be litigious, or over technical and precise, may have it in his power in many cases to cause infinite trouble, embarrassment and mischief.

*Id.* at 73. Citing *Stuart*, the Sixth Circuit applied the doctrine of acquiescence to Otworth's RICO claims in 2014. *See Otworth v. Budnik*, 594 F. App'x 859, 860 (6th Cir. 2014). This Court must follow the Sixth Circuit's interpretation of Michigan law. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009) (citation omitted).

Therefore, the Report and Recommendation (ECF No. 145) is **ADOPTED** as the Opinion of this Court.

1. Otworth's motion for summary judgment (ECF No. 56) is **DENIED.**

2. Defendant Schuette's motion to dismiss (ECF No. 11) is **GRANTED.**

3. The motion to dismiss (ECF No. 16) filed by Muskegon County, the Muskegon County Board of Supervisors, the Muskegon County Board of Commissioners, and the Muskegon County Prosecutor DJ Hilson is **GRANTED.**

4. The motion to dismiss (ECF No. 84) filed by Dalton Township, Tammy Stephenson, and Lori Hayes is **GRANTED.**

5. The motion to dismiss (ECF No. 26) filed by the Village of Lakewood Club and Lisa Swanson is **GRANTED** for all claims except the state law claims against Swanson for embezzlement and mishandling Village property.

6. The motion to dismiss (ECF No. 39) filed by Williams & Hughes and Shon Anne Cook is **GRANTED** for all claims except the state law claim against Cook for improperly using Village funds.

7. The motion for judgment on the pleadings (ECF No. 55) filed by Fifth Third Bank, Paul Bixler, F.E. Troncone, P. Brian Moore, Phillip Bodle, Barbara Ibold, and Jonathon Meade is **GRANTED.**

8. The Court declines to exercise supplemental jurisdiction over the state law claims brought against Swanson and Cook and those claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Date: February 26, 2020                            /s/ Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge